An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PERRY LAMONT HINKLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64111

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit larceny and burglary. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant Perry Lamont Hinkle contends that insufficient evidence supports the verdict. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

On October 1, 2012, legal assistant Emma Chapman and her manager Helen Grey were working at the Law Office of Frank Sorrentino, which consists of two separate buildings with separate entrances. A woman later identified as Paige Toenniges entered the main building and began to cause a commotion. Chapman was unable to discern why Toenniges was there and asked Grey to come over from the second building. Grey was also unable to discern why Toenniges was there and asked her to leave. At some point, Toenniges pointed out a man waiting for her outside. Grey escorted Toenniges out and watched as she and the man moved towards the second building. From across the street, a

14-15376

witness saw Toenniges enter the second building and gesture for the man to join her. Moments later, Grey saw Toenniges and the man fleeing the area of the second building while carrying her purse. Evidence was presented connecting Hinkle to Toenniges, and Grey and Chapman identified Hinkle as the male suspect in a pretrial photo lineup and at trial.

We conclude that the jury could reasonably infer from the evidence presented that Hinkle committed the charged crimes. *See* NRS 199.480(3)(g); NRS 205.060(1); NRS 205.220(1)(a); *see also Garner v. State,* 116 Nev. 770, 780, 6 P.3d 1013, 1020 (2000) ("Conspiracy is seldom demonstrated by direct proof and is usually established by inference from the parties' conduct."), *overruled on other grounds by Sharma v. State,* 118 Nev. 648, 56 P.3d 868 (2002). Circumstantial evidence can support a conviction, *Lisle v. State,* 113 Nev. 679, 691-92, 941 P.2d 459, 467 (1997), *holding limited on other grounds by Middleton v. State,* 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998), and the jury's verdict will not be disturbed on appeal where, as here, it is supported by sufficient evidence, *see Bolden v. State,* 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Hinkle contends that the district court erred by denying his motion to strike the venire for failing to represent a fair cross-section of the community and by doing so without conducting an evidentiary hearing. We disagree with both contentions. Hinkle merely challenged the "particular jury pool" drawn in his case and failed to demonstrate that the underrepresentation of African-Americans in that pool was a result of systemic discrimination in the jury selection process. *See Williams v. State,* 121 Nev. 934, 940, 125 P.3d 627, 631 (2005); *Duren v. Missouri,* 439 U.S. 357, 366 (1979). Although Hinkle asserted that he

was unable to make such a demonstration without examining the jury commissioner, he failed to suggest how the commissioner's testimony would substantiate his claim and did not allege sufficient facts to entitle him to an evidentiary hearing on this basis. We conclude that the district court did not err.

Third, Hinkle contends that the district court abused its discretion by denying his motion for a mistrial because the State violated its duty of disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963). Hinkle moved for a mistrial after a law enforcement officer testified that he had stopped a man in the area who matched witnesses' descriptions of the suspect. Both Chapman and Grey were asked if the detained individual was the perpetrator; Chapman stated that he was not, but Grey stated that she was not sure. The detained individual was released. Hinkle argued that this information should have been disclosed because it could have been used to develop an alternative suspect and impeach Grey's subsequent identification. The State asserted that it had no duty to disclose the information because it was not favorable to the defense, but regardless, it had been disclosed via law enforcement's computer-aided-dispatch log. The State agreed that the log was difficult to decipher, but claimed it was not responsible for helping the defense interpret discovery. The district court denied Hinkle's motion.

We agree that the evidence regarding Grey's inconclusive identification was favorable to the defense, *see Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000), and was inappropriately withheld because the dispatch log provided to the defense could not reasonably be read to provide this information. However, given the evidence presented at trial—which included testimony regarding Grey's inconclusive

identification—there is not a "reasonable possibility" that the omitted evidence would have affected the outcome. *See id.* at 66, 993 P.3d at 36; *Lay v. State*, 116 Nev. 1185, 1196, 14 P.3d 1256, 1264 (2000). Therefore, we conclude that the district court did not abuse its discretion by denying Hinkle's motion for a mistrial. *See Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) ("The trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion.").

Having considered Hinkle's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                              Cherry

cc:    Hon. Michael Villani, District Judge
       Bush & Levy, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]The fast track statement and reply submitted by Hinkle do not comply with the Nevada Rules of Appellate Procedure because the text of the brief, excluding headings, footnotes, and quotations, is not double-spaced. *See* NRAP 32(a)(4); NRAP 3C(h)(1). We caution counsel that future failure to comply with the rules of this court when filing briefs may result in the imposition of sanctions. *See* NRAP 3C(n).